# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Chamarra Evans,   Case No. 3:16CV1009

      Plaintiff

    v.   **ORDER**

Liberty Insurance Corporation,

      Defendant

This fire insurance coverage dispute, which I dismissed with prejudice as a sanction for plaintiff's persistent failure to comply with basic discovery obligations, *Evans v. Liberty Ins. Corp.*, 2016 WL 7664735 (N.D. Ohio), is back before me on the plaintiff's motion to alter or amend the judgment. (Doc. 21).[1]

## Discussion

"A motion to alter or amend under Rule 59(e) is designed to correct manifest errors of law or fact or to present newly discovered evidence." *Mann v. Mohr*, 2016 WL 2616998, *3 (N.D. Ohio). Relief is appropriate "only for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has now become available; or (3) it is necessary to correct a clear error of law or to prevent a manifest injustice." *Id.*

### A. Counsel's Illness

---

[1] Before I could rule on the motion, plaintiff filed a notice of appeal. (Doc. 24). On January 9, 2017, the Circuit ordered the appeal held in abeyance pending a ruling on the Rule 59(e) motion.

Plaintiff first argues that dismissal with prejudice was inappropriate because her principal attorney, Joseph W. Westmeyer, Jr., was unexpectedly hospitalized from early August, 2016 through late September, 2016. For that reason, plaintiff contends, Mr. Westmeyer was incapable of preparing the discovery responses.

This argument lacks merit.

Plaintiff is correct (Doc. 21 at 2) that the dismissal order did not recount that Mr. Westmeyer, Jr., was hospitalized after undergoing quintuple bypass surgery.

But that omission was not the product of inattention or oversight. Rather, it simply reflected the fact that, in the unique circumstances of this case, Mr. Westmeyer Jr.'s illness was not a valid basis for excusing his non-compliance with the Federal Rules of Civil Procedure and my orders.

Despite being hospitalized and out of the office for more than a month-and-a-half. Mr. Westmeyer Jr. did not advise me of his condition until a status conference on October 20, 2016. By that time, counsel had returned to work, yet he had still failed to tender complete discovery responses. *Evans*, *supra*, 2016 WL 7664735, *1

As I explained to counsel during the October 20 conference, I would have gladly adjusted the discovery schedule had he simply informed me of his condition. Yet Mr. Westmeyer Jr. chose, for whatever reason, to keep me in the dark.

Nevertheless, at that hearing I gave counsel a final opportunity to fulfill his discovery obligations, and he failed to do so. (Doc. 18 at 1–3).

Even putting all of this to one side, the fact remains that Mr. Westmeyer, Jr., was not the only attorney representing plaintiff in this case: Mr. Joseph W. Westmeyer, III, also filed an appearance for the plaintiff. But nothing in plaintiff's motion explains why Mr. Westmeyer, III, was unable to

facilitate discovery in Mr. Westmeyer, Jr.'s, absence. (Or, at the very least, notify me of his father's situation and condition and thereon to ask me to adjust the discovery schedule in light of such notifiation.

### B. Compliance with Discovery Obligations

Plaintiff also argues that she satisfied all her discovery obligations within the time I set, but this is simply not true.

As defendant's opposition to the Rule 59(e) motion recounts, plaintiff has not tendered (or explained the absence of) several items that she is obligated to provide, including: 1) utility bills and proof of payment; 2) documents pertaining to the lease of the property at issue (rent checks, lease agreements, etc.); 3) plaintiff's pay stubs and copies of paychecks; 4) plaintiff's W–2 form; and 5) any evidence plaintiff might have to show that the property at issue was her principal residence. (Doc. 22 at 2; Doc. 22-1 at 1–38).

Accordingly, there is no basis to alter the judgment on the ground that plaintiff has, in fact, satisfied her discovery obligations.

### Conclusion

It is, therefore,

ORDERED THAT: plaintiff's motion to alter or amend the judgment (Doc. 21) be, and the same hereby is, denied.

/s/ James G. Carr
Sr. U.S. District Judge